UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


INTABILL, INC.,

       Plaintiff,

v.                                      Case No. 8:09-cv-834-T-23TGW

CHAD EDWARD ELIE,

       Defendant.

_____/

## O R D E R

The plaintiff sues Chad Edward Elie and Viable Processing Solutions, LLC,

("Viable") for conversion, civil theft, fraudulent transfer, and "unjust enrichment."

Pursuant to Rules 12(b)(6), 12(b)(7), and 17(a), Federal Rules of Civil Procedure, the

defendants move (Doc. 29) to dismiss the amended complaint, and the plaintiff

responds (Doc. 31) in opposition.  With leave of court, the defendants reply (Doc. 34) in

support of the motion to dismiss.

<u>Standard of Review</u>

During resolution of a motion to dismiss, allegations in the complaint are accepted

as true and construed favorably to the opposing party.  <u>Beck v. Deloitte & Touche</u>, 144

F.3d 732 (11th Cir. 1998).  Under the notice pleading standard of the Federal Rules of

Civil Procedure, "[f]actual allegations must be enough to raise a right to relief above the

speculative level . . . on the assumption that all the allegations in the complaint are

true."  <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007).  However, neither a

conclusory allegation nor "a legal conclusion couched as a factual allegation" supports the sufficiency of a complaint.  <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986); <u>see also</u> <u>Ashcroft v. Iqbal</u>, No. 07-1015, slip op. at 14 (U.S. May 18, 2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting <u>Twombly</u>, 550 U.S. at 555)).

Factual Background

The defendant Elie is the sole member and manager of the defendant Viable, which processes credit card payments for transactions over the Internet.  (Doc. 19, ¶¶ 7-8)  Viable agreed to process the plaintiff's credit card transactions.  Under the parties' agreement, Viable collected payments from third parties to the plaintiff and deposited the payments into an account at the National Bank of California.  Although the money remained in the account for the benefit of the plaintiff, Elie, "on behalf of himself and/or Viable," withdrew $4,000,000.00 from the account and diverted the money to personal use or for the benefit Viable.  (Doc. 19, ¶ 18)  Despite the plaintiff's demand, the defendants refuse to return the $4,000,000.00.  (Doc. 19, ¶ 24)

Real Party in Interest

The defendants argue that "[t]his action cannot proceed in the name of a false plaintiff."  (Doc. 29 at 6)  The defendants state that the plaintiff assigned its right to the $4,000,000.00 to an undisclosed third-party client of the plaintiff's counsel.  The defendants state that although "the facts surrounding the assignment are far from clear and the identity of the assignee has not been provided to the Court, it is clear that Greenberg Traurig has known since the time it filed the lawsuit and submitted its <u>ex</u>

parte TRO Motion, that it believed that a third-party client of the firm was the full assignee of [the plaintiff's] purported rights to the funds at issue." (Doc. 29 at 6)  Thus, the defendants argue for dismissal because the plaintiff "has not demonstrated that this action is being litigated by the real party in interest." (Doc. 34 at 1)  However, Rule 17, Federal Rules of Civil Procedure, imposes no requirement that a plaintiff plead status as the real party in interest, and the defendants fail to show that Intabill lacks the authority to prosecute this action.  To the extent the defendants move to dismiss under Rule 17, the motion to dismiss is **DENIED**.

## The Conversion Claim

"Under Florida law, a conversion is 'an unauthorized act which deprives another of his property permanently or for an indefinite time.'" Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1291 (11th Cir. 2001) (quoting Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd., 450 So. 2d 1157, 1160-61 (Fla. 3d DCA 1984)).  However, "[a] mere obligation to pay money may not be enforced by an action for conversion." Capital Bank v. G&J Invs. Corp., 468 So.2d 534, 535 (Fla. 3d DCA 1985).  "To be a proper subject of conversion each coin or bill need not be earmarked, but there must be an obligation to keep intact or deliver the specific money in question, so that such money can be identified." Belford Trucking Co., Inc. v. Zagar, 243 So.2d 646, 648 (Fla. 4th DCA 1970) ("The requirement that the money be identified as a specific chattel does not permit as a subject of conversion an indebtedness which may be discharged by the payment of money generally.")

In Count I, the plaintiff asserts a claim for conversion against Elie and Viable. The complaint states that Viable "collected funds that were due and owing to [the plaintiff] from third parties and deposited those funds in the Viable account for the benefit of [the plaintiff]." (Doc. 19, ¶ 13) The plaintiff alleges that "[b]y withdrawing the Funds from the Viable account . . . ., Elie and Viable converted the Funds to their own use and benefit." (Doc. 19, ¶ 23) However, a cognizable claim for conversion of money lies only if the money is kept separate. Rupp v. Schon, 608 So. 2d 934 (Fla. 4th DCA 1992). The complaint alleges neither that the defendant retains the money in a separate account nor that the defendant still possesses the money. See Noventa Ocho, LLC v. PBD Props., LLC, 284 F. App'x 726, 728 (11th Cir. 2008) (noting that the plaintiff's "identification of a specific amount of money to which it claims entitlement does not relieve it of the obligation to show the existence of specific funds subject to an injunction" (emphasis in original)); Fin. Bus. Equip. Solutions, Inc. v. Quality Data Sys., Inc., 2008 WL 4753710, at *4 (S.D. Fla. Oct. 27, 2008) ("While Plaintiff may have done the minimum to identify the amount of the money allegedly converted, Plaintiff has not sufficiently identified the specific funds, nor shown 'an obligation to keep intact or deliver the specific money in question,' which is not met by simply demanding return of the money."). Accordingly, the motion to dismiss is **GRANTED** as to Count I, and Count I is **DISMISSED WITH PREJUDICE**.

The Civil Theft Claim

Section 772.11, Florida Statutes, allows a victim of criminal theft to sue for recovery of three times the value of the property stolen. To state a claim for civil theft,

the plaintiff must allege that the defendants knowingly obtained or used the plaintiff's property with the intent to temporarily or permanently deprive the plaintiff of a right to or the benefit from the property.  Construed favorably to the plaintiff, Count II alleges that the defendants knowingly obtained the $4,000,000.00 with the intent to permanently deprive the plaintiff of the use of the money.  Accordingly, the motion to dismiss is **DENIED** as to Count II.

The Fraudulent Transfer Claim

In Count III, the plaintiff asserts a claim against Viable for fraudulent transfer pursuant to Section 726.105, Florida Statutes, which states that a transfer by a debtor "is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . , if the debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor . . . ."  To state a claim, the plaintiff must show that (1) a creditor exists; (2) the debtor intended to defraud the creditor; and (3) the debtor conveyed property available for application against the debt. See Huntsman Pckg'g Corp. v. Kerry Pckg'g Corp., 992 F. Supp. 1439, 1446 (M.D. Fla. 1998).  To qualify as a "creditor," the plaintiff must possess a "claim," which "is broadly constructed and 'means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.'" Friedman v. Heart Inst. Of Port St. Lucie, Inc., 863 So. 2d 189, 192 (Fla. 2003) (quoting Section 726.102(3), Florida Statutes). Favorably construed, the complaint alleges that the plaintiff possesses a claim to the

$4,000,000.00 and that Viable withdrew the fund to deprive the plaintiff's access to the money. Accordingly, the motion to dismiss is **DENIED** as to Count III.

### Unjust Enrichment

"In Florida, '[t]he essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.'" Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1274 (11th Cir. 2009) (quoting Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. 2d DCA 2006)); see also Florida Power Corp. v. City of Winter Park, 887 So.2d 1237, 1241 n.4 (Fla. 2004). The complaint alleges that the defendants accepted $4,000,000.00 for the benefit of the plaintiff and that the defendants refuse to return the money. Accordingly, the motion to dismiss is **DENIED** as to Count IV.

### Conclusion

The motion (Doc. 29) to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to extent that Count I is **DISMISSED WITH PREJUDICE**, and the motion is otherwise **DENIED**. On or before **October 16, 2009**, the defendants shall answer the remainder of the amended complaint.

ORDERED in Tampa, Florida, on September 29, 2009.

_STEVEN D. MERRYDAY_
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

- 6 -